THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SING CHO NG, | CASE NO. C18-0690-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| JIM METZ, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On May 16, 2018, Magistrate Judge Mary Alice Theiler granted Plaintiff's motion to proceed *in forma pauperis* and recommended the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 4).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. Federal Rule of Civil Procedure 8 provides that in order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, a complaint must put defendants on notice of what wrongs they committed

against the plaintiff. *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). Conclusory allegations of law and unwarranted factual inferences are not sufficient to state a claim. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). The plaintiff is obligated to provide grounds for her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is also appropriate if a complaint fails to put forth "a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff names the following parties as Defendants: Jim Metz, Janet Helson, Kirstin Grant, Terence Brown, Terence Wong, John Do, Jane Do, Bing Kung B. L. Association, Sukhvinder Awla, Ryan S.F. Yee, Tomas Cheng, Yau Shen Chen. (Dkt. No. 5 at 1.) Plaintiff alleges the following causes of action against all defendants: Conspiracy, Negligence, Intentional Misrepresentation, Fraud, and Deceit, Causation and Damages.[1] (Dkt. No. 5 at 45–49.)

After stating each cause of action, Plaintiff asserts the following language: "Against All Defendants in Its Official and Individual Capacity under 42 USC 1983, 42 USC 1985, RCW 59.18.150, RCW 59.18.240, RCW 59.18.250, SCM 7.24.030(a), Fair Housing Law (Occupancy Standard), Washington Law against Criminal Profiteering." (*Id*.) Plaintiff additionally seeks declaratory judgment against Defendant Bing Kung Association for violations of some of the previously listed statutes. (*Id*. at 48–49.) Plaintiff asserts individual causes of action against Commissioners Janet Helson and Kirstin Grant for "Abuse of Power, Obstruction of Justice,

---

[1] The Court notes that Plaintiff has a pending lawsuit in front of the Hon. Richard A. Jones against the following Defendants in this action: Bing Kung Association, Jim Metz, and Tomas Cheng. *Sing Cho Ng v. Bing Kung Association, et al.*, No. C17-1515-RAJ, Dkt. No. 4 (W.D. Wash. Oct. 13 2017). Plaintiff's lawsuit before Judge Jones appears to arise from largely the same factual allegations as the present case. *See generally id.*

Deprivation of Due Process, Fraud, Lying and Collusion." (*Id*. at 7.) Plaintiff asserts individual causes of action against Defendants Sukhvinder Awla and Terence Wong, for knowing violations of the "Rule of Civil Procedures which prohibit a plaintiff's party to serve summons on me . . . ." (*Id*. at 49–50.) Finally, Plaintiff asserts a cause of action against Ryan S.F. Yee and Terence Wong for "Failure of Fiduciary Responsibility to supervise its associate attorney to observe Rules of Civil Procedures . . . ." (*Id*. at 50.)

Plaintiff fails to provide a short and plain statement of his claims showing he is entitled to relief that places the Defendants on notice of the claims against them. This is true even when the Court applies the Ninth Circuit's directive to construe *pro se* complaints liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In his 51 page complaint, Plaintiff asserts facts that appear to deal with his eviction from his apartment in 2014 or 2015 and a subsequent legal proceeding in King County Superior Court regarding the eviction. (*See generally* Dkt. No. 5.) Plaintiff makes conclusory and fragmented allegations in support of his claims. As an example, he asserts that "Seattle City official Jim Metz is the first defendant in this action because without its failures to act in 2014 and its intentional omissions to act in 2015, no retaliatory eviction could have happened and none of the unlawful acts of court officials and officers below mentioned would [*sic*] happened." (*Id*. at 3.)

Plaintiff goes on to assert that "[i]n August 2015, Bing Kung, through Tom Cheng, callused [*sic*] with corrupted DPD official Jim Metz and a corrupted KCSC commissioner-attorney Terence Wong to dupe a vulnerable judge Janet Helson (Helson) into belief that Bing Kung's 11/28/2014-dated notice of rent increase did not trigger scrutiny of RCW 59.18.250 which requires a landlord to deliver affirmatively [*sic*] defense for Bing Kung's eviction actions note being retaliatory in light of the existence of [*sic*] administrative complaint filed prior to the eviction action." (*Id*. at 6.) Plaintiff spends dozens of pages in the complaint explaining the procedural history of and quoting excerpts from a 2015 legal proceeding in King County Superior Court that dealt with his alleged eviction. (*See id.* at 25–42.) However, Plaintiff fails to

plausibly allege how this information supports his underlying causes of action. As a result, Plaintiff's claims that the Defendants violated certain statutes are simply "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. Plaintiff's tangential allegations do not adequately put the 10-named Defendants on notice of what legal wrongs they committed against Plaintiff. The Court additionally finds that the following causes of action listed in Plaintiff's complaint do not represent cognizable legal theories that can pursued in a civil lawsuit: violations of the Federal Rules of Civil Procedure, abuse of power, lying and collusion, and all of the alleged violations of Washington criminal statutes (*e.g.* perjury under Revised Code of Washington section 9A.72). (Dkt. No. 5 at 43.)

Although the Court finds the complaint fails to state a claim upon which relief can be granted, it will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citation omitted). Accordingly, the Court ORDERS that the Plaintiff file an amended complaint no later than twenty-one (21) days from the date of this order. In his amended complaint, Plaintiff must include a short and plain statement of the facts that support his claims against each named Defendant. These facts must put each Defendant on notice of the alleged violations of law they committed against Plaintiff.

The Clerk is DIRECTED to mail a copy of this order to Plaintiff at P.O. Box 14551, Seattle, WA 98114.

DATED this 21st day of May 2018.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk