THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SING CHO NG,<br><br>        Plaintiff,<br>    v.<br><br>JIM METZ, *et al.*,<br><br>        Defendants. | CASE NO. C18-0690-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's amended complaint (Dkt. No. 8). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court previously conducted a review of Plaintiff's complaint to determine whether to order service and summons on Defendants. (Dkt. No. 6.) The Court concluded that Plaintiff's complaint failed to provide a short and plain statement of his claims showing he was entitled to relief and that placed Defendants on notice of the claims against them. (*Id*. at 3.) Accordingly, the Court directed Plaintiff to file an amended complaint to address these deficiencies. (*Id*. at 4.) The Court now conducts a review of Plaintiff's amended complaint pursuant to § 1915(e)(2)(B) and concludes that it should be DISMISSED with prejudice.

**I.    DISCUSSION**

    **A.    Legal Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis*

complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. To state a claim upon which relief can be granted, a complaint must contain sufficient factual matter, accepted as true, that demonstrates the requested relief is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). The plaintiff is obligated to provide grounds for her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

### B. Plaintiff's Amended Complaint

In assessing Plaintiff's claims, the Court applies the Ninth Circuit's directive to construe *pro se* complaints liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In his amended complaint Plaintiff names the following parties as Defendants: Janet Helson, Kirstin Grant, Terence Wong, Terrance Brown, Jim Metz, Bing Kung Association ("Bing Kung"), Tom Cheng, Yau Shen Chen, Sukhvinder Awla, and Ryan Yee. (Dkt. No. 8 at 3, 22–25.) The Court discusses the allegations and claims asserted against each Defendant.

*1. Janet Helson:* Plaintiff asserts that King County Superior Court Judge Janet Helson is liable for negligence, conspiracy, intentional misrepresentation, fraud and deceit, abuse of judicial power, obstruction of justice, tampering with court records, and violations of 42 U.S.C. § 1983 and 1985. (*Id*. at 3, 21–23.) These claims arise out of Judge Helson's adjudication of two unlawful detainer actions brought by Defendant Bing Kung in 2015 against Plaintiff in King County Superior Court. (*See id.* at 7–8) ("I am pressing charges against Janet Helson of

miscarriage of conduct and abusive use of judiciary power in its official capacity as a superior court judge in an open court."[1]) Plaintiff asserts that Judge Helson's rulings and conduct in those actions form the basis of his claims against the Judge. (*See id.* at 4–11) ("I was shocked to hear that because the trial judge was make a statement of obstruction of justice in open court . . . it was an abuse of judicial power to ignore my request for a hearing date for my motion.").

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc) (internal citation omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotations and citations omitted). All of Plaintiff's claims against Judge Helson relate to her rulings and decisions in the unlawful detainer actions. (*See* Dkt. No. 8 at 4–11.) Judge Helson is immune from suit for all of the judicial actions she took in the prior lawsuits. Therefore, Plaintiff's claims against Judge Helson are DISMISSED with prejudice. *See Little v. Ambler*, 22 F. App'x 764, 765 (9th Cir. 2001) (citation omitted) ("Because the defendants' judicial immunity is fatal to [plaintiff's] claim, amendment would have been futile and the district court did not abuse its discretion in denying leave to amend.")

*2. Kirstin Grant:* Plaintiff asserts that Judge Helson's bailiff, Defendant Grant, is liable for fraud, negligence, conspiracy, tampering with court records, and violations of 42 U.S.C. § 1983 and 1985. (Dkt. No. 8 at 10, 21–23.) These claims arise from Grant's alleged handling of court documents in the 2015 unlawful detainer actions. (*Id*. at 10–17) ("To taint the proceedings, they, Grant and Wong entered Helson's "AMENDED Order/Judgment" into court record in order to dupe the busy deputy clerks at the customer counter into belief that this . . . was a legitimate order.") Plaintiff also alleges that Grant fraudulently submitted documents to the

---

[1] All of the allegations from the amended complaint are quoted verbatim in this order.

Washington State Court of Appeals. (Dkt. No. 8 at 3) ("the suspicious document Grant 'filed' into COA was a combination copy of the front page of Sub#51 and the second to last pages the working copy of my notice of appeal . . . .")

Court clerks are entitled to absolute quasi-judicial immunity when they perform duties that are integral to the judicial process. *Mullis v. U.S. Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987). It is clear from the amended complaint that all of Plaintiff's claims against Grant relate to the acts she took within the scope of her duties as Judge Helson's bailiff and were part of the unlawful detainer proceedings. (*See* Dkt. No. 8 at 4–11.) Grant is immune from suit for her official actions taken as part of the prior state proceedings. Therefore, Plaintiff's claims against Defendant Grant are DISMISSED with prejudice.

*3. Terence Wong:* Plaintiff asserts that Defendant Terence Wong is liable for undue influence, collusion in tampering with court records, fraud, intentional abuse of due process, perjury, negligence, conspiracy, and violations of 42 U.S.C. § 1983 and 1985. (*Id*. at 3, 16, 18–19, 21–23.) These claims arise out of Wong's acts as the attorney representing Defendant Bing Kun in the 2015 unlawful detainer actions. (*See generally* Dkt. No. 8) ("This lawsuit is my action for damages due for tortuous conduct of Bing Kung through its corrupted bi-status attorney Terence Wong to bring two consecutive eviction actions . . . with knowledge that the 'ground' of their actions was false, unfounded, and malicious and without probable cause.") Plaintiff alleges Wong colluded with Judge Helson during the unlawful detainer proceedings to tamper with court and law enforcement records. (*Id*. at 11.) Plaintiff further alleges that Wong obtained a "phantom writ" from the Superior Court, which led to Plaintiff's eventual eviction. (*Id*. at 15–16.)

As an initial matter, several of Plaintiff's alleged claims are not legally cognizable. These include undue influence (an affirmative defense), collusion in tampering with court records (not a civil cause of action), and perjury (a criminal charge). As for the other claims, Plaintiff fails to allege facts that allows the Court to conclude that Wong is liable for the claims alleged. Plaintiff's fragmented, conclusory and vague allegations against Wong are simply "unadorned,

the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. Therefore, the Court DISMISSES Plaintiff's claims against Wong without prejudice and without leave to amend. Denying leave to amend is appropriate because the Court previously granted Plaintiff leave to amend his complaint to provide specific facts showing how the Defendants, including Wong, committed the alleged claims, but Plaintiff failed to do so.

*4. Terrance Brown:* Plaintiff asserts that Defendant Terrance Brown is "charged of tempering court records, abuse of power." (Dkt. No. 8 at 3.) Plaintiff asserts Brown "manipulated court records to create a phantom writ of restitution for my eviction." (*Id*.) The amended complaint contains no other allegations against Brown. Plaintiff's claim against Brown is neither legally cognizable nor supported by plausible facts that allow the Court to conclude Brown could be liable for harming Plaintiff. Therefore, Plaintiff's claims against Brown are DISMISSED without prejudice and without leave to amend.

*5. Jim Metz, Bing Kung Association, Tom Cheng, and Yau Shen Chen:* Plaintiff asserts that these Defendants are liable for acts and omissions that led to his eviction. (*Id*. at 3.) Plaintiff asserts that Metz is liable for intentional misrepresentation, fraud, and deceit against persons under color of law, based on his statements "concerning compliance with City of Seattle's Ordinance applicable on the SRO of the New American Hotel Plaintiff resided." (*Id*. at 22.) Plaintiff seeks a declaratory judgment against Bing Kung regarding its rent-increase practices used in 2015 that allegedly led to the unlawful detainer actions against him. (*Id*. at 23.) Defendants Cheng and Shen Chen, as employees of Bing Kung, are allegedly liable for actions they took in evicting Plaintiff from his apartment. (*Id*. at 3) ("They must be liable for their intimidating acts and for causing the Sheriff to file a defective Return of Service on October 9.")

Plaintiff has another lawsuit pending in this district against these same Defendants. *See Ng v. Bing Kung Association, et al.*, No. C17-1515-RAJ, Dkt. No. 4 (W.D. Wash. Oct. 13, 2017). That lawsuit deals with the same allegations and events surrounding the 2015 unlawful detainer

actions, and Plaintiff alleges nearly identical claims against these Defendants.[2] (*Compare* Dkt. No. 8, *with* No. C17-1515-RAJ, Dkt. No. 4). Because Plaintiff's claims have already been asserted in a pending action initiated before this instant action, the instant action is duplicative and the claims should be dismissed. *See Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.") Therefore, the Court DISMISSES all claims against Defendants Metz, Bing Kung, Chen, and Shen Chen without prejudice and without leave to amend.[3]

*6. Sukhvinder Awla:* Plaintiff asserts that Defendant Awla "knowingly acted to violate Rule of Civil Procedures which prohibit a plaintiff's party to serve summons on the opposing party." (Dkt. No. 8 at 24.) This claim allegedly arises from Awla's improper service of summons during the 2015 unlawful detainer actions. (*Id.*) As the Court stated in its previous order, this claim is not legally cognizable. (Dkt. No. 6 at 4); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (dismissal under Federal Rule of Civil Procedure 12(b)(6) "can [also] be based on the lack of a cognizable legal theory.") Therefore, Plaintiff's claims against Awla are DISMISSED without prejudice and without leave to amend.

*7. Ryan Yee:* Plaintiff asserts Defendant Yee is liable for "failure of fiduciary responsibility to supervise its associate attorney Sukhvinder Awla to observe Rules of Civil Procedures which prohibits a plaintiff's party to serve summons on the opposing party." (Dkt. No. 8 at 24.) As with the claim against Awla, this is not a legally cognizable claim. (Dkt. No. 6 at

---

[2] Although Plaintiff alleges this lawsuit deals with a different time period, the Court disagrees. The factual allegations and claims made in each lawsuit have significant overlap. (*Compare* Dkt. No. 8, *with* No. C17-1515-RAJ, Dkt. No. 4).

[3] The Court also notes that the claims against Defendants Metz, Chen, Shen Chen, and Bing Kung Association fail to state a claim upon which relief can be granted because Plaintiff fails to allege facts against each Defendant that puts them on notice of the legal wrongs they committed. *See* Fed. R. Civ. P. 8(a)(1)–(2); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

4.) Therefore, Plaintiff's claims against Yee are DISMISSED without prejudice and without leave to amend.

## II. CONCLUSION

For the foregoing reasons the Court DISMISSES Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). As to Defendants Helson and Grant, Plaintiff's claims are DISMISSED with prejudice. As to Defendants Wong, Brown, Metz, Bing Kung Association, Cheng, Shen Chen, Awla, and Yee, Plaintiff's claims are DISMISSED without prejudice and without leave to amend. The Clerk is DIRECTED to mail a copy of this order to Plaintiff at P.O. Box 14551, Seattle, WA 98114.

DATED this 9th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE